IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NICHOLAS ROOS                                                                                        PETITIONER
ADC #163931

v.                                              4:20-cv-01197-LPR-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                  RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.    BACKGROUND**

Petitioner Nicholas Roos, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 15.) Mr. Roos was convicted on May 24, 2016, in the Circuit Court of Baxter County, Arkansas,

after pleading guilty to two counts of capital murder, two counts of arson, and one count each of aggravated robbery, Class B theft of property, and Class D theft of property. (Doc. No. 8-2 at 17-20.) Pursuant to a plea agreement, Mr. Roos was sentenced to life without parole on each count of capital murder, thirty years' imprisonment on each count of arson, thirty years' imprisonment on the aggravated robbery, twenty years' imprisonment on the Class B theft, and six years' imprisonment on the Class D theft, all to be served concurrently.[1] (*Id*.) The Arkansas Supreme Court recited the facts of the underlying case as follows:

> On November 7, 2015, Baxter County law enforcement responded to reports of a residential fire in Midway. Human remains that were later identified as the homeowners, Donald and LaDonna Rice, were found at the residence. One of the Rices' vehicles was also missing from the residence, and it was discovered the next day in a field, abandoned and burned. On November 11, 2015, Mike Pierson, who lived near where the vehicle was found, notified law enforcement that two males had approached his residence on the afternoon of November 7 and asked for a ride. They claimed that a girlfriend had dropped them off nearby to look for a "fishing hole," although Pierson noticed that they were not carrying any fishing equipment. Pierson gave them a ride home. After hearing about the burned residence and vehicle a couple of days later, Pierson became suspicious and decided to notify police. He took officers to the house where he had dropped off the two males, and as they drove by, Pierson saw one of those males getting into a car with a female. When officers turned around to get the license plate number of the car, it drove off at a high rate of speed. The officers eventually caught up to the vehicle and conducted a traffic stop. The driver was identified as Mikayla Mynk, and the passenger was Roos.
>
> A search warrant was obtained for the vehicle and for Mynk's residence. Officers located numerous pieces of jewelry, a large-screen television, a .32-caliber pistol, and multiple items of drug paraphernalia at the home. Additional pieces of jewelry, including two rings with the initials "DRD," a .38 caliber revolver, and power tools, among other items, were found in the vehicle.
>
> On November 13, 2015, Roos agreed to give a statement to police. He admitted that Mynk had dropped him and Zach Grayham off at the victims' house and that Roos had shot the victims with a Canik 9 mm pistol that a friend had

---

[1] The plea agreement also encompassed Mr. Roos's guilty pleas on separate charges of residential burglary and commercial burglary, for which he was sentenced to concurrent terms of five and three years, respectively. (Doc. No. 8-5.) Those sentences were also ordered to run concurrently to his sentence in the instant case. (*Id*.)

purchased. Roos and Grayham then loaded items from the Rices' home, such as a large-screen television, valuables from the victims' safe, tools, a .38-caliber revolver, and other possessions into the Rices' truck, set the home on fire, and drove the truck to Mynk's house, where they unloaded the stolen items. Roos indicated that they had abandoned the truck and set it on fire, then got a ride from an elderly gentleman back to Mynk's residence. According to Roos, Mynk and Grayham buried the Canik 9 mm pistol near a shed on Roos's father's property. Officers later located this pistol, along with a box of ammunition, near where Roos had described. The criminal information further alleged that Grayham had given a statement to police that was virtually identical to Roos's confession.

Roos entered a negotiated plea of guilty to all charges on May 24, 2016.

*Roos v. State*, 2019 Ark. 360, at 2-3, 588 S.W.3d 738, 740-41, *cert. denied*, 140 S. Ct. 2727 (2020).

On July 27, 2016, Mr. Roos filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. (Doc. No. 8-2 at 48.) He argued, among other things, that his trial counsel, Katherine Streett and Teri Chambers, provided ineffective assistance by (1) failing to conduct a mental evaluation prior to his guilty plea and (2) failing to file any motions to suppress evidence prior to his guilty plea. (*Id*. at 48-53.) The trial court appointed counsel for Mr. Roos in the Rule 37 proceeding and held a hearing. (*Id*. at 55, 161-320.) Following the hearing, the court entered a lengthy order denying relief, finding Mr. Roos had failed to demonstrate his counsel performed deficiently on either claim. (*Id*. at 112-35.) Specifically, the court found trial counsel acted on Mr. Roos's wishes by pursuing a plea deal that would allow him to avoid the death penalty, a process that concluded before the court's pretrial motions deadline. (*Id*. at 129, 131.) The court also credited testimony from both attorneys that there was no basis to believe Mr. Roos might not be fit to proceed and that, while they would have pursued a mental evaluation for mitigation purposes had he gone to trial, they otherwise wished to avoid exposing him to the State's evaluator. (*Id*. at 132.) Mr. Roos appealed the denial of Rule 37 relief, and the Arkansas Supreme Court affirmed. *Roos*, *supra*. The mandate issued on December 26, 2019. (Doc. No. 8-14.) The Supreme Court of the United States denied Mr. Roos's *pro se* petition for

3

writ of certiorari. (Doc. Nos. 8-15, 8-16.)

Mr. Roos filed the instant Petition for Writ of Habeas Corpus on October 8, 2020, and amended his Petition on January 19, 2021. (Doc. Nos. 2, 15.) In the Amended Petition, he contends his guilty plea was involuntary because it was based on ineffective assistance of counsel. (Doc. No. 15 at 15.) Mr. Roos asserts his trial counsel performed deficiently by (1) failing to request a competency hearing and (2) failing to investigate the case and challenge the State's evidence prior to allowing him to plead guilty. (*Id.*) After careful consideration of Mr. Roos's Amended Petition and the Response (Doc. No. 16) and Reply (Doc. No. 19), I recommend relief be denied. The Amended Petition should be dismissed with prejudice.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel: Competency/Mental Disease or Defect

In his first claim, Mr. Roos contends his trial counsel ignored his history of mental illness and requests from him and his family to hold a competency hearing, which led to his acceptance of a guilty plea "that he did not fully understand."[2] (Doc. No. 15 at 15.) As Respondent points out, this claim was adjudicated on the merits in the Rule 37 proceeding and is thus entitled to deferential review.

Under the Antiterrorism and Effective Death Penalty Act of 1996, and in the interests of finality and federalism, federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Federal courts may not grant habeas relief on a claim that was adjudicated on the merits in state court unless the adjudication of the claim

---

[2] It is not totally clear whether Mr. Roos alleges his counsel should have challenged his fitness to proceed or whether they should have pursued a defense of mental disease or defect rather than allowing him to plead guilty. I have liberally construed his claim to include both components.

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrives "at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A state court decision involves an "unreasonable application" of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision is based on an "unreasonable determination of the facts" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003); *see also* 28 U.S.C. § 2254(e)(1) (a state court's factual finding shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence).

Here, the state court correctly identified the governing legal principle as *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a claim of ineffective assistance of counsel has two components: (1) that counsel's performance was deficient, resulting in errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, depriving the defendant of a fair trial. 466 U.S. at 687. The deficient-performance component requires that a defendant show counsel's

5

representation fell below an objective standard of reasonableness. *Id*. at 687-88. The prejudice component requires that a defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id*. at 687.

Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 689. A court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Taking § 2254(d) and *Strickland* together, habeas review of a state court's decision must be "doubly deferential": "We take a 'highly deferential' look at counsel's performance, *Strickland*, [466 U.S. at 689], through the 'deferential lens of § 2254(d),' [*Knowles v.*] *Mirzayance*, [556 U.S. 111, 121, n.2]." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *see also Abernathy v. Hobbs*, 748 F.3d 813, 817 (8th Cir. 2014).

Applying *Strickland* and its presumption of reasonableness, the Arkansas Supreme Court rejected Mr. Roos's claim that his attorneys were ineffective on this issue, holding as follows:

> Roos's trial counsel testified that they obtained his medical records from April 2015 and spoke with his family and friends, in addition to meeting with Roos on multiple occasions and reviewing the evidence in the case. Both Streett and Chambers stated that after performing this investigation, they had no doubt as to Roos's mental competency. They testified that they noticed no signs of paranoia or hallucinations during their representation of Roos and that he fully understood

---

[3] A defendant who has entered a guilty plea satisfies the prejudice requirement by showing there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

6

> the charges against him, the legal process, and the potential sentence that he faced. Furthermore, counsel stated that while they were aware of Roos's depression, prior suicide attempts, and claims of paranoia symptoms, there was no indication that he was suffering from a mental disease or defect at the time of the murders. They noted that Roos's actions leading up to, during, and after the crimes revealed a high level of planning and goal-oriented behavior. Streett and Chambers testified that Roos's paranoid behavior was instead a result of his drug and alcohol use, which is not a valid defense to the crimes. *See* Ark. Code Ann. § 5-2-207(a) (Repl. 2013) (stating that self-induced intoxication is not an affirmative defense to a prosecution). While counsel agreed that a mental evaluation from their own mental-health expert would have been necessary for mitigation purposes if the case had proceeded to trial, they stated that Roos was "adamant" that he wanted to pursue a guilty plea as soon as they discussed with him the evidence that was provided in discovery, which was within six months of the charges being filed.
>
> Having taken into account the evidence in the record, as well as the testimony and its own observation of Roos at the hearing, the circuit court concluded that there was no reasonable basis to request a mental examination of Roos to establish either his unfitness to proceed or to assert a plea of not guilty by reason of mental disease or defect. The circuit court further found that trial counsel were not deficient for not requesting a mental evaluation when they were following Roos's direction to seek a guilty plea in order to avoid the death penalty. We have held that an attorney's performance is not deficient for following his or her client's wishes. *Sykes v. State*, 2011 Ark. 412, 2011 WL 4635021 (per curiam). In addition, as the State asserts, the commentary to Guideline 10.9.1 of the 2003 ABA Guidelines states that a plea is the optimal outcome in many death cases and that it is an obligation of counsel to seek such an agreed-upon disposition throughout all phases of the case. *See ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases* 10.9.1 cmt. (2003).

*Roos*, 2019 Ark. 360, at 11-12, 588 S.W.3d at 745. Having agreed with the trial court's conclusion that counsel did not perform deficiently, the Arkansas Supreme Court stated there was no need to discuss the prejudice prong of the *Strickland* analysis and affirmed the trial court's denial of relief. *Id.* at 12, 588 S.W.3 at 745.

Mr. Roos does not allege this decision was contrary to or involved an unreasonable application of federal law or that it was based on an unreasonable determination of the facts. He does not point to any conflicting federal law or any error of fact; he merely reargues the facts that were before the state court. The Arkansas Supreme Court concluded trial counsel acted

7

reasonably in declining to pursue either a challenge to Mr. Roos's fitness or an insanity defense, and that conclusion is supported by the record. In addition to counsel's testimony as summarized by the state court, the record includes Mr. Roos's own admissions that he was intelligent and had a clear understanding of the process, the only mental health diagnosis he had received was depressive disorder, and his paranoia was associated with his methamphetamine use. (Doc. No. 8-2 at 216-21.) His trial counsel cannot be deemed ineffective for failing to advance a meritless argument, *see Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam), especially where they were following his direction to reach a plea deal that allowed him to avoid the death penalty. Taking a highly deferential look at counsel's performance as required by *Strickland* through the likewise deferential lens of § 2254(d), the Arkansas Supreme Court's decision is consistent with federal law. *See Cullen*, 563 U.S. at 190. Mr. Roos is not entitled to relief on this claim.

### B.     Ineffective Assistance of Counsel: Investigation and Challenge to State's Case

Mr. Roos also asserts his trial counsel were ineffective because they failed to fully investigate the prosecution's case before allowing him to plead guilty and failed to challenge the evidence through motions to suppress. (Doc. No. 15 at 15.) More specifically, he claims his counsel should have challenged (1) his custodial statement, which he avers was made after law enforcement coerced him to withdraw his request for counsel and continue questioning, and which was captured on security video that was later destroyed; (2) his unlawful arrest and the illegal search of the vehicle following the traffic stop; and (3) his identification by a witness who "had not seen Roos commit any crime." (*Id*.)

As Respondent points out, the bulk of this claim was adjudicated on the merits in the Rule 37 proceeding. There, Mr. Roos asserted his counsel were deficient for failing to file motions to

suppress his confession and the evidence seized as a result of the traffic stop. Both the trial court and the Arkansas Supreme Court rejected this argument, and the state court's adjudication of the issue is entitled to deference under § 2254(d). The Arkansas Supreme Court held as follows:

> With regard to Roos's claim that a motion to suppress his confession should have been filed, Streett testified that she did not believe such a motion would have been successful in light of Agent Small's testimony that Roos had requested to speak with Small and that Roos had indicated that he was voluntarily waiving his right to remain silent. Furthermore, Streett noted that Roos had made other statements in which he admitted his participation in the crimes and that these statements would have been admitted at trial even in the absence of his confession.
>
> In addition, Streett testified that she had discussed with Roos his concern that there was no probable cause for the traffic stop. However, the discovery provided by the State indicated that the police stopped the vehicle because it was speeding and then found incriminating items in plain view. As a result, Streett did not believe that a motion to suppress the evidence would be successful either.
>
> It is not ineffective assistance if counsel fails to file a motion that would not be meritorious. *Rea v. State*, 2016 Ark. 368, 501 S.W.3d 357. As with the request for a mental evaluation, the circuit court also found that Roos had instructed his counsel that he wished to plead guilty months before the pretrial deadline to file motions had expired and that it was not objectively deficient for counsel to have failed to file such motions by the time of the plea hearing. Roos argues that regardless of the plea negotiations, counsel should have investigated potential claims that could be raised in pretrial motions. However, testimony by Streett and Chambers indicated that counsel did, in fact, investigate potential claims, including the motions to suppress discussed above. It was not until discovery had been received and reviewed that counsel discussed a possible plea deal with Roos, and he chose at that time to pursue a guilty plea in order to avoid the death penalty. As noted above, it is not deficient performance for an attorney to follow the wishes of a client. *Sykes*, *supra*. Thus, the circuit court was not clearly erroneous in finding that trial counsel were not ineffective by failing to file pretrial motions to suppress, and a discussion of potential prejudice is unnecessary.

*Roos*, 2019 Ark. 360, at 13-14, 588 S.W.3d at 746.

Mr. Roos has not met his burden of showing this decision was contrary to, or involved an unreasonable application of, clearly established federal law, nor has he shown it was based on an unreasonable determination of the facts. As previously stated, his counsel cannot be considered ineffective for failing to advance a meritless argument. *Rodriguez*, 17 F.3d at 226. Moreover, it

9

was Mr. Roos's decision to enter a guilty plea that ended any need to further investigate and challenge his custodial statement and the traffic stop.

Other components of this claim – that trial counsel were ineffective for allowing the destruction of the video of Mr. Roos's confession and for failing to suppress the witness identification – were not adjudicated in the Rule 37 proceeding because they were not raised. Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Id*. If it would be futile for a petitioner to return to the state courts

to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Additionally, in order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Roos failed to present these components of his ineffective-assistance claim in state court; therefore, they are defaulted. He does not allege cause or actual innocence sufficient to excuse the default. Nor does the *Martinez* exception provide him relief. In *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), the United States Supreme Court modified the general rule that an attorney's errors in a post-conviction proceeding do not qualify as cause for a default:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim

has some merit.

As previously noted, Mr. Roos was appointed counsel in the Rule 37 proceeding, and he does not allege his post-conviction counsel performed deficiently. He cannot make such a showing under *Strickland*, nor can he show the underlying ineffective-assistance claims are substantial. For the reasons already stated, a motion to suppress Mr. Roos's confession would not have been successful, and his separate statements admitting to his involvement in the crimes would have come into evidence anyway. His claim that trial counsel should have somehow prevented the witness's identification of him because the witness did not actually see him commit the crimes is unsupported and lacking in any merit. For these reasons, these parts of Mr. Roos's ineffective-assistance claim are barred.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Roos has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Roos's § 2254 Amended Petition for Writ of Habeas Corpus (Doc. No. 15) be DISMISSED with prejudice.

2.      A certificate of appealability not be issued.

DATED this 23rd day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE